IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:14CR3051 |
| | ) | |
| v. | ) | |
| | ) | |
| JULIA R. THIEMANN, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

The defendant has filed a motion under 28 U.S.C. § 2255. I have conducted an initial review of the motion[1]. It plainly appears from the motion, any attached exhibits, and the record of prior proceedings that she is not entitled to relief.

The defendant, who was sentenced on April 13, 2015 (filing no. 118), seeks to set aside her sentence under Amendment 794 to the Guidelines. Amendment 794 became effective November 1, 2015[2]. Amendment 794, pertaining to commentary in application notes regarding mitigating role in the offense, is not retroactive. *See*

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

[2] *See* Sentencing Guidelines for United States Courts, 80 Fed. Reg. 25,782, 25,782 (May 5, 2015) (reflecting that on April 30, 2015 the Sentencing Commission proposed amendments to § 3B1.2 to become effective November 1, 2015).

U.S.S.G. § 1B1.10(d). As the defendant did not appeal, the defendant's sentence became final on or about April 28, 2015 (14 days after the time ran for filing a notice of appeal). That was before the Amendment became effective.

Moreover, United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016) does not help the defendant because that case involved whether Amendment 794 applied in a *direct appeal*. This is obviously not a direct appeal.

Next, the sentence of 276 months in prison for producing or aiding and abetting production of child pornography was imposed pursuant to a Rule 11(c)(1)(C) plea agreement. The sentence was well below the Guideline minimum of 360 months. As a result, the defendant is in no position to challenge the sentence she agreed upon.

IT IS ORDERED that the § 2255 motion (filing no. 142) is denied with prejudice, no certificate of appealability will be issued, and judgment will be entered by separate document.

DATED this 1st day of November, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge